No. 15,848.

CLYNCKE v. BRANT.
(185 P. [2d] 783)

Decided October 14, 1947.

Mr. Charles W. V. Feigel, for plaintiff in error.

Mr. John R. Wolff, Mr. Horace B. Holmes, Jr., for defendant in error.

In Department, before: Mr. Justice Hilliard, Mr. Justice Alter, and Mr. Justice Luxford.

Per Curiam.

An action by plaintiff in error, who was plaintiff below, against defendant in error, as defendant. Plaintiff was the owner of certain real estate, and defendant was a licensed real-estate broker. Defendant, employed by plaintiff to sell her property, procured a purchaser who was able and willing to buy it for the amount and upon terms satisfactory to plaintiff. In evidence of the foregoing, plaintiff and the purchaser entered into a written contract in relation thereto. Upon execution of the contract, the purchaser paid plaintiff fourteen hundred dollars, leaving an unpaid balance of five thousand six hundred dollars, to be discharged in payments to be made at intervals set forth in the contract. Immediately thereafter, plaintiff paid defendant a commission of three hundred dollars, as and for the latter's brokerage in the premises. Sometime subsequent thereto, plaintiff and the purchaser, proceeding on their own initiative, agreed to rescind the sale, pursuant to which plaintiff refunded to the purchaser the cash payment, and otherwise the parties to the sale were restored to their original status. Defendant was not a party to this rescission. Thereafter, plaintiff instituted this action to recover the commission of three hundred dollars, previously paid to the broker in the circumstances already stated. Defendant enjoyed favorable findings below, and was given judgment for costs.

The action originated before a justice of the peace and consequently there were no written pleadings. The learned judge of the county court, proceeding on appeal duly perfected, after hearing the evidence, stated the issue and his conclusions thereon, as follows: "Plaintiff contends that she is entitled to a return of the commission paid, upon the ground of mutual mistake of the parties in entering into the contract in that they believed possession of the property could be delivered on July 16th or in a period of a few days thereafter, in case it were necessary to sue the tenant to remove him. However, it was the plaintiff," the judge continued, "who represented to the broker and the purchaser that she could and would deliver possession as stated in the contract. This was not a mutual mistake of the parties, but is, if a mistake, a mistake of the plaintiff." Based upon these findings the court adjudged as already stated. We cannot think error attended.

We pause to add that plaintiff did not claim fraud or deceit on the part of her agent, nor that the latter had promised to return the commission. Payment of the commission, as already indicated, was voluntary, and in sum not questioned. "A commission which has been paid may be recovered back only where there is an enforceable promise of the broker to return it or there is fraud or some other matter disentitling him to it." 12 C.J.S., p. 234, §98. The evidence does not reveal the slightest overreaching or other wrongdoing on the part of the agent, defendant Brant. She fairly earned the commission which was paid her, and reviewing ministers of justice fitly may not require her to refund that which the trial judge, sitting in the midst of the parties and their witnesses, has found and adjudged she is entitled to retain. Let the judgment be affirmed.

In this case acknowledgement is made of the gratuitous and valuable services of the Honorable Robert W. Steele, district judge, referee under our rule of June 9, 1947.